CLEMENT S. ROBERTS (SBN 209203)
croberts@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Plaintiff
SPINS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| SPINS LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> SATORI TECHNOLOGY, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | Case No. 2:22-cv-7742 <br><br> **PLAINTIFF SPINS LLC'S COMPLAINT FOR:** <br><br> **(1) Trademark Infringement;** <br> **(2) Federal Unfair Competition;** <br> **(3) California Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

1    SPINS LLC hereby alleges as follows:

2                    **JURISDICTION AND VENUE**

3        1.    Plaintiff SPINS LLC ("Plaintiff" or "SPINS") brings this action

4   against Defendant Satori Technology, LLC ("Defendant" or "Satori Technology")

5   under the Lanham Act, 15 U.S.C. §§ 1114, 1125 and California state law. This

6   Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

7   and 1338 and 15 U.S.C. § 1121, as this is an action arising under the laws of the

8   United States and relating to trademarks. This Court has both original and

9   supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §§

10  1338(b) and 1367, as those claims are so related to the Lanham Act claims that they

11  form part of the same case or controversy as the federal claims herein.

12       2.    This Court has personal jurisdiction over Defendant because it

13  operates from its principal place of business in California.

14       3.    Venue is proper in this District under 28 U.S.C. § 1391(b) because

15  Defendant resides in California and in this District, a substantial part of the events

16  giving rise to SPINS's claims occurred in this District, and Defendant is subject to

17  the Court's personal jurisdiction because it maintains its principal place of business

18  in this District.

19                          **PARTIES**

20       4.    Plaintiff SPINS LLC is a limited liability company organized and

21  existing under the laws of the State of Delaware, having its principal place of

22  business at 222 West Hubbard Street #300, Chicago, IL 60654.

23       5.    Defendant Satori Technology LLC is a limited liability company

24  organized and existing under the laws of the State of Delaware, having its principal

25  place of business at 5350 Playa Vista Drive # 27, Los Angeles, CA 90094.

26                   **GENERAL ALLEGATIONS**

27       6.    This is a civil action seeking relief for Defendant's intentional and

28  willful infringement of SPINS's trademark rights, and violation of federal and state

unfair competition laws.

A.   **SPINS's Use Of The SATORI Mark.**

7.     SPINS is a Chicago-based consumer products insight company. Founded in 1997, SPINS is a leading provider of retail consumer insights, analytics, business intelligence, and consulting for brands and retailers in the consumer products industry, with particular expertise in the natural foods industry. SPINS helps both manufacturers and retailers gain insights into their products and consumers in the pursuit of increasing the presence and accessibility of natural and organic products to encourage more healthy and vibrant living.

8.     SPINS provides to consumers a Software as a Service (SaaS) business intelligence platform under the SATORI mark.  The Satori business-intelligence platform is a dynamic data exploration and reporting solution that enables users to explore data for relevant and actionable insights. The Satori business-intelligence service includes cross-channel reporting, presentation development tools, and data analytics such as topline performance, product insights, pricing and promotion insights, and distribution analytics.

9.     SPINS's Satori platform is well-known in the consumer products industry, as it incorporates data from more than 2 million unique Universal Product Codes ("UPCs"), as well as proprietary retail sales data from 80+ retailers, including both conventional retailers and natural and specialty exclusive retailers. SPINS offers its goods and services under the SATORI mark to consumer products brands and retailers, with a focus on the natural products industry.  SPINS's representative U.S. customers and target customers include national grocery retailers (both conventional and natural grocery retailers), national personal care product companies, and natural food and beverage manufacturers.

10.     SPINS promotes its SATORI platform on its internet website at http://www.spins.com/satori, at trade shows, and through electronic newsletters, blogs, and press release newswires, as it did with its 2018 announcement of new

features on the SATORI platform through PRNewswire.com:

https://www.prnewswire.com/news-releases/spins-enhances-business-intelligence-platform-satori-with-new-health--wellness-insights-300737954.html.

**B.    SPINS's Rights In The SATORI Mark.**

11.    SPINS owns U.S. Trademark Registration No. 5,398,896 for SATORI (the "SATORI Word Mark") for "providing on-line non-downloadable software to collect, consolidate, normalize, aggregate, review and report specific product category sales data in the natural, organic, and health and wellness retail industry" in International Class ("IC") 42.

12.    SPINS filed the application that resulted in U.S. Trademark Registration No. 5,398,896 on February 3, 2015, with a first use in commerce date of at least as early as January 1, 2015.  The mark was registered on February 13, 2018.

13.    SPINS also owns U.S. Trademark Registration No. 5,398,897 for SATORI (the "SATORI Design Mark") for "providing on-line non-downloadable software to collect, consolidate, normalize, aggregate, review and report specific product category sales data in the natural, organic and health and wellness retail industry" in IC  42:



14.    SPINS filed the application that resulted in U.S. Trademark Registration No. 5,398,897 on February 11, 2015, with a first use in commerce date of at least as early as January 1, 2015. The mark was subsequently registered on February 13, 2018.

15.    U.S. Trademark Registration Nos. 5,398,896 and 5,398,897 are prima facie evidence of the validity of the SATORI mark, of the registration of the SATORI mark, of SPINS's ownership of the SATORI mark, and of SPINS's

1    exclusive right to use the SATORI mark in commerce or in connection with the

2    goods and services specified in the registrations. Attached hereto as **Exhibit A** are

3    true and correct copies of the registration certificates for U.S. Trademark

4    Registration Nos. 5,398,896 and 5,398,897.

5        16.    SPINS has used its SATORI mark throughout the United States in

6    connection with business intelligence software since at least as early as 2015. As

7    such, Satori also owns common law rights, in addition to rights obtained through its

8    federal registrations, in the SATORI mark for these goods and services.

9        **C.    Defendant's Business**

10       17.    Defendant also provides goods and services in the consumer products

11   business intelligence software market.

12       18.    Defendant markets and provides its services under the SATORI mark,

13   which is identical to SPINS's SATORI mark.  Defendant's use includes adopting

14   "Satori" as the name of its primary goods and services and the only distinguishing

15   portion of its corporate name, "Satori Technology, LLC."

16       19.    Defendant competes with SPINS in the consumer products software

17   market. Defendant provides its goods and services under the SATORI mark through

18   software that adds reporting and analytics tools and dashboards to the commonly-

19   used business management software and services, NetSuite, Intacct, and Salesforce.

20       20.    Defendant's target market includes businesses in the manufacturing,

21   distribution, retail, and ecommerce industry.  Defendant's current customers

22   include multiple businesses in the retail consumer food, beverage, and personal care

23   product industries.

24       21.    Like SPINS, the software that Defendant provides under the Infringing

25   Mark offers consumers the ability to view dashboards and reports that provide

26   actionable insights and drive business results. Defendant's service includes

27   reporting and analytics for: sales order profitability, cash flow forecasting,

28   inventory forecasting, predictive analytics, multi-currency-reporting, and more.

22.     Defendant markets its goods and services on its website at https://www.satorireporting.com/, as well as at trade shows and through electronic newsletters, blogs, and press release newswires, as it did with its 2021 announcement of a partnership with SaleNorth Advisors LLC on PRNewswire.com: https://www.prnewswire.com/news-releases/scalenorth-advisors-llc-partners-with-satori-technology-llc-301395681.html.

**D.     Defendant's Use Of Satori Infringes SPINS's Senior Rights.**

23.     Defendant uses its Infringing Mark to promote its services, without SPINS's consent or authorization.

**1.     SPINS's SATORI Mark Is Conceptually & Commercially Strong.**

24.     SATORI is inherently distinctive when used with SPINS's business intelligence reporting software.  The term derives from a Buddhist word meaning sudden enlightenment.  Because use of the SATORI mark with business reporting software in no way describes or suggests anything about the nature of the goods and services associated with, it is an "arbitrary" use and has high conceptual strength on the distinctiveness continuum.  SPINS's Satori mark is also commercially strong due to SPINS's history of continuous use, advertising, and business success in connection with the mark.

**2.     Defendant's Infringing Mark is confusingly similar to SPINS's Satori Marks.**

25.     The Defendant's infringing mark includes SPINS's registered SATORI mark in its entirety and without alteration.

26.     In addition to using the identical SATORI word mark, Defendant uses a SATORI logo that is confusingly similar to SPINS's use of the SATORI mark because it incorporates SATORI prominently and in manner that will be viewed by

///

///

SPINS LLC'S COMPLAINT
CASE NO. 2:22-CV-7742

consumers as identical to SPINS's SATORI word mark:



27.    Because Defendant's mark, both the word mark and the logo, is identical to SPINS's SATORI mark, the marks are confusingly similar in appearance, sound, meaning, connotation, and commercial impression.  Consumers will associate the Infringing Mark when used by Defendant with SPINS and the SPINS SATORI marks.

### 3.    Defendant Uses SATORI With Highly Similar Goods & Services To SPINS's.

28.    Defendant's services offered under the Infringing Mark are highly related to SPINS's products and services, and are of the same or similar nature as SPINS's business intelligence software.  This is true at the high level, as both parties offer "business intelligence" software, and true at the granular level when the functions and features of the software are compared.

29.    SPINS provides reporting capabilities based on specific products and retailers over time so that its customers gain insights into the sales of its products, such as: cross-channel reporting, presentation development tools, and data analytics such as topline performance, product insights, pricing and promotion insights, and distribution analytics.

30.    Defendant likewise advertises that its service includes reporting for "tough-to-answer business questions" and includes reporting and analytics for: sales order profitability, cash flow forecasting, inventory forecasting, predictive analytics, and multi-currency-reporting.

31.    For example, in the area of topline performance, SPINS allows customers to view their products' key performance metrics by store.

32.    Likewise, Defendant's service provides its customers the ability to

1    view store-specific insights into product performance.

2        33.    Additionally, both SPINS and Defendant present their data through the

3    use of interactive dashboards that allow their respective customers to visualize

4    trends and other insights offered by the software.

5                **4.    Defendant Markets To The Same Target Customers &**
                 **Through The Same Channels As SPINS.**
6

7        34.    Defendant offers its services to customers in a wide array of industries,

8    and it provides its services for use in conjunction with three widely-used business

9    management platforms: NetSuite, Intacct, and Salesforce. These platforms are used

10   in nearly every industry, including the natural and organic consumer products

11   industry, which is a target market for SPINS generally and the Satori business

12   intelligence software platform specifically.  Existing and prospective SPINS

13   customers use NetSuite and Salesforce.  Defendants' software, which runs over top

14   those platforms, provides the same business intelligence features as SPINS's Satori

15   software.  The parties further use the same marketing channels, including internet

16   marketing (websites, online marketing videos including on YouTube, internet press

17   releases, and online customer testimonial videos), as well as trade shows,

18   conferences, presentations, and similar in-person marketing efforts.

19       35.    Accordingly, SPINS's customers will come across Defendants'

20   software products through the same marketing and advertising channels and view

21   the two companies' services as directly competitive.  Indeed, Defendant already has

22   customers in the consumer food products industry, SPINS's target market.

23               **5.    Defendant Acted With Intent In Selecting & Using The**
                 **SATORI Mark.**
24

25       36.    On May 5, 2021, Defendant filed a trademark application with the

26   United States Patent and Trademark Office ("USPTO") for registration of the

27   SATORI word mark and stylized SATORI logo for goods and services in IC 42,

28   including: "Software development for others in the field of software configuration

management specifically for enterprise-wide business reporting/intelligence" and "Software as a service (SaaS) services featuring software for enterprise-wide business reporting/intelligence," among other things, with a claimed first use date on some unspecified day in 2018.

37.     On February 7, 2022, the USPTO refused Defendant's application, finding that there was a likelihood of confusion as to the source of Defendant's services. The trademark examiner cited SPINS's senior registrations and trademark rights, including U.S. Reg. Nos. 5,398,896 and 5,398,897, as a basis for the likelihood of confusion refusal, explaining that "marks look and sound similar and create the same commercial impression," and that "goods and/or services are considered related for likelihood of confusion purpose." Defendant has since abandoned its application, but continues to use the SATORI mark despite being on direct notice of SPINS's senior rights and likely confusion caused by Defendants' use.

38.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Defendant knew of SPINS's prior rights in the SATORI marks when it chose to adopt the Infringing Mark for use in connection with business intelligence software, and disregarded those rights. Defendants did not start using the SATORI mark until approximately three years after SPINS's first use and three years after SPINS applied for a federal trademark registration.  At the very least, Defendant was put on notice of SPINS's senior rights when it received the above-referenced office action from the USPTO and then again when it received a letter from SPINS on February 28, 2022.  Despite receiving actual notice of SPINS's use, Defendant continued to make use of the SATORI mark in an infringing manner.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement (15 U.S.C. § 1114)

39.     SPINS repeats and realleges each allegation set forth in the preceding

paragraphs as if fully set forth herein.

40. SPINS owns federal registrations in the SATORI Marks, U.S. Reg. Nos. 5,398,896 and 5,398,897.

41. SPINS has valid and protectable registered rights in the SATORI Marks dating from its first use in commerce of the Satori Marks, since at least 2015.

42. Defendant uses the Infringing Mark, which is confusingly similar to the SATORI marks, in commerce in connection with consumer products business intelligence software. SPINS's rights in the SATORI mark predate Defendant's first use of the Infringing Mark.

43. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that Defendant had actual knowledge of the SATORI Mark and SPINS's first use of the SATORI Mark prior to its adoption and use of the Infringing Mark.

44. Defendant's unauthorized use of the Infringing Mark as alleged above is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the services Defendant is offering under the Infringing Marks, constituting trademark infringement in violation of 15 U.S.C. § 1114.

45. Defendant's conduct has caused or is likely to cause SPINS to lose business opportunities and damages SPINS's reputation in the consumer product business intelligence software industry.

46. As direct and proximate result of Defendant's wrongful conduct, SPINS has been, is now, and will be irreparably injured and damaged by Defendant's acts, and unless Defendant is enjoined by the Court, SPINS will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which SPINS has no adequate remedy at law.

///

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

47.     SPINS repeats and realleges each allegation set forth in the preceding paragraphs as if fully set forth herein.

48.     The acts of Defendant as described above constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     SPINS has valid and protectable rights in the SATORI marks dating from its first use in commerce of the Satori marks, which was at least as early as January 1, 2015. These rights predate Defendant's use of the Infringing Mark for business intelligence software in the United States, which did not begin until December 2018.

50.     Defendant's unauthorized use of the Infringing Mark as alleged above is likely to cause consumers to believe that there is a relationship between Defendant and SPINS or that Defendant's services are associated with or originate from SPINS. This association constitutes a false designation of origin, in violation of 15 U.S.C. §1125(a).

51.     Defendant's conduct has caused or is likely to cause SPINS to lose business opportunities and damages SPINS's reputation in the consumer product business intelligence software industry.

52.     As direct and proximate result of Defendant's wrongful conduct, SPINS has been, is now, and will be irreparably injured and damaged by Defendant's acts, and unless Defendant is enjoined by the Court, SPINS will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which SPINS has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Unfair Competition (California Bus. & Prof. Code §§ 17200 et seq.)

53.     SPINS repeats and realleges each allegation set forth in the preceding

paragraphs as if fully set forth herein.

54.     Defendant's conduct, described above, constitutes unlawful or fraudulent business acts or practices and as such constitutes unfair competition under California Business and Professions Code §§ 17200 *et seq*.

55.     Defendant's conduct constitutes unlawful business acts or practices in that Defendant has engaged in trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114, and unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

56.     As a direct and proximate result of Defendant's wrongful conduct, SPINS has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, SPINS will suffer further harm to its name, reputation, or goodwill. This harm constitutes an injury for which SPINS has no adequate remedy at law.

57.     On information and belief, Defendant has acted with full knowledge of SPINS's rights and with intent to usurp such rights and, therefore, the aforementioned acts are willful and intentional.

58.     As direct and proximate result of Defendant's wrongful conduct, SPINS has been, is now, and will be irreparably injured and damaged by Defendant's acts, and unless Defendant is enjoined by the Court, SPINS will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which SPINS has no adequate remedy at law.

59.     Defendant should be required to restore to SPINS any and all profits earned as a result of its unlawful business acts or practices, or provide SPINS with any other restitutionary relief as the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, SPINS prays for judgment as follows:

1.     That the Court enter judgment in favor of SPINS and against Satori Technology on all claims for relief;

2.      That the Court permanently enjoin Satori Technology, its officers and directors, employees, agents, representatives, successors and assigns, and all person or entities acting in concert or in participation with them from using the SATORI Marks or any mark confusingly similar thereto, and from making false or misleading representations suggesting sponsorship by or affiliation with SPINS or the SPINS's SATORI goods and services;

3.      That the Court direct Defendant to file with the Court and serve on counsel for SPINS, within 30 days after the entry of any injunction issues by the court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a);

4.      That the Court order Defendants to pay SPINS damages in an amount to be proven at trial;

5.      That the Court order an accounting and order Defendant to pay over to SPINS all monetary gains, profits, and advantages derived by Defendant from the acts complained of herein;

6.      That the Court order Defendant to reimburse SPINS's costs and disbursements in this action, and to pay to SPINS pre-judgment and post-judgment interest;

7.      An order of the Court finding that this is an exceptional case pursuant to 15 U.S.C. § 1117(a) and, ordering Defendant to reimburse SPINS reasonable attorneys' fees; and

8.      An order awarding SPINS any other or further relief that the Court deems just or appropriate.

Dated:  October 24, 2022                    Orrick, Herrington & Sutcliffe LLP


By:_____*/s/ Nathan Shaffer*_____
CLEMENT S. ROBERTS
NATHAN SHAFFER
Attorneys for Plaintiff
SPINS LLC

SPINS LLC'S COMPLAINT
CASE NO. 2:22-CV-7742

## **JURY DEMAND**

SPINS demands a jury trial in this matter as to all matters triable by a jury.

Dated:  October 24, 2022                          Orrick, Herrington & Sutcliffe LLP


By: _____ */s/ Nathan Shaffer* _____
                              CLEMENT S. ROBERTS
                              NATHAN SHAFFER
                              Attorneys for Plaintiff
                              SPINS LLC